**JUDGE RAMOS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 8213**

RICHEMONT INTERNATIONAL S.A.,
IWC, A DIVISION OF
RICHEMONT NORTH AMERICA, INC.,

           Plaintiffs,

      v.

JOHN DOES 1-11,

           Defendants.

JURY TRIAL DEMANDED

RECEIVED
NOV 18 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

    PLAINTIFF RICHEMONT INTERNATIONAL S.A., and PLAINTIFF IWC, A DIVISION OF RICHEMONT NORTH AMERICA, INC. (collectively "Richemont" or the "Plaintiffs") by their attorneys, THE GIOCONDA LAW GROUP PLLC, for their causes of action against DEFENDANTS JOHN DOES 1 to 11 (hereinafter, the "Defendants"), allege upon information and belief as follows, except as to allegations concerning the Plaintiffs or their counsel, which are made upon personal knowledge:

## NATURE OF THE ACTION

    1.    Plaintiff Richemont International S.A. is a corporation organized and existing under the laws of Switzerland, having a principal place of business at 10 Route des Biches, 1752 Villars-sur-Glâne, Switzerland. Plaintiff Richemont International S.A. is part of the Richemont Group, one of the world's leading luxury good companies, producing many of the world's finest brands of watches, jewelry, writing instruments, apparel, handbags, and other goods. Plaintiff Richemont International, S.A. is also the owner of several federally registered trademarks (the "IWC Trademarks") described herein.

2.     Plaintiff IWC, A DIVISION OF RICHEMONT NORTH AMERICA, INC. is a corporation organized and existing under the laws of Delaware, having a principal place of business located at 645 Fifth Avenue, New York, NY 10022, United States. The Plaintiff IWC, A DIVISION OF RICHEMONT NORTH AMERICA, INC. is the exclusive distributor of the IWC Trademarks in the United States.

3.     For more than 150 years, the Plaintiffs (including their affiliates and/or predecessors) have designed, manufactured, and sold wristwatches and timepieces that exhibit the highest levels of expert craftsmanship, luxurious design, and rare precision.

4.     The Plaintiffs advertise, promote, market, display, and sell IWC-branded timepieces in their own boutiques, as well as through authorized retailers.[1]

5.     Plaintiff IWC, A DIVISION OF RICHEMONT NORTH AMERICA, INC. operates an IWC boutique in this Judicial District, and its timepieces are also sold through five additional authorized retailers in this District.

6.     The Defendants, who have no affiliation with the Plaintiffs, collectively operate a network of Internet websites (the "Infringing Websites") purporting to sell genuine IWC watches and other IWC-branded products. A number of these Infringing Websites operate under domain names incorporating one or more of the IWC Trademarks (the "Infringing Domain Names").

7.     Furthermore, the Infringing Websites use and display the IWC Trademarks, as well as IWC's proprietary product images and product descriptions, in a deliberate attempt to create the false impression that the Infringing Websites are authorized retail websites selling

---

[1] The Plaintiffs' IWC.com allows users to view the Plaintiffs' collection of fine timepieces, and connects customers with concierge services that help arrange the purchase of IWC watches and accessories. The IWC.com website does not function as a traditional e-commerce site.

genuine goods, when in fact, they are not. A detailed chart listing the Defendants' Infringing Websites and related domain names is attached hereto as Exhibit 1.

8.      The Defendants use the Infringing Websites to sell thousands of replicas of the Plaintiffs' high quality watches, each of which bear counterfeit reproductions of the IWC Trademarks (the "Counterfeit Merchandise").

9.      Therefore, this is an action for trademark counterfeiting, trademark infringement, trademark dilution, and cybersquatting brought pursuant to Sections 32, 43(a), 43(c), and 43(d) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c), and (d); and causes of action under Sections 349, 350, and 360-l of the New York General Business Law, and for violations of the New York State common law.

10.     The Defendants' misuse of the IWC Trademarks in connection with Counterfeit Merchandise sold through the Infringing Websites has significantly injured the Plaintiffs' reputation and goodwill, and has diluted the distinctiveness of the famous IWC Trademarks. Unless enjoined, the Defendants' conduct will continue to injure both the Plaintiffs and the public.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) for the claims arising out of the violations of Sections 32 and Section 43 of the Lanham Act; has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising out of the violation of Sections 349, 350, and 360-1 of the New York Business Law, and all other claims arising under the common law of the State of New York.

12.     This Court has personal jurisdiction over the Defendants because the products that are the subject of this action were, and continue to be, sold and offered for sale to consumers in New York State, including in this Judicial District.

13.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

### THE PLAINTIFFS

14.     The Plaintiffs sell IWC-branded watches and jewelry throughout the world in IWC boutiques—including in this Judicial District at the IWC flagship boutique on Madison Avenue—as well as through authorized retailers.

15.     Collectively, the Plaintiffs are the owners and sole authorized distributors of the following IWC Trademarks in the United States:

| U.S. Registration Number | Trademark | Registration Date | International Classes |
|---|---|---|---|
| 576,647 | *International Watch Co* SCHAFFHAUSEN | June 30, 1953 | 14 |
| 1,205,403 | IWC | Aug. 17, 1982 | 14 |
| 1,794,885 | *International Watch Co* SCHAFFHAUSEN | Sept. 28, 1993 | 14 |

| 2,516,587 | IWC<br>*International Watch Co*<br>*Schaffhausen* | Dec. 11, 2011 | 14 |
|-----------|------------------------------------------------|---------------|-----|
| 3,507,947 | IWC PORTUGIESER | Sept. 30, 2008 | 14 |
| 4,270,382 | IWC<br>SCHAFFHAUSEN | Jan. 8, 2013 | 14, 35 |

16.     The federal registrations for the IWC Trademarks are in full force and effect, including a number of incontestable registrations. Copies of the IWC Trademarks' registration certificates are attached hereto as Exhibit 2.

17.     The Plaintiffs have used the IWC Trademarks on and in connection with the sale and advertising of high quality Swiss-made watches, watch parts, cuff links, tie clips, key rings, chronometers, clocks, wristwatch straps, and watch and jewelry boxes, as well as in connection with advertising, exhibiting, promoting, and selling all of the same.

18.     As a result of the Plaintiffs' longstanding and widespread use of the IWC Trademarks, the marks have become not just source identifiers but indicators of exceptional quality, craftsmanship, and design.

## THE DEFENDANTS

19.     On information and belief, the Defendants are overseas-based individuals and/or entities that are collectively responsible for operating a vast, fluid network of Infringing Websites selling Counterfeit Merchandise.

20.     The Infringing Websites and related Domain Names include, but are not limited to:

1. bestIWCwatches.com
2. fakeIWCwatches.com
3. copyIWCwatches.com
4. wanwatchesonline.com
5. wanwatches.com
6. luxurywatchesfake.com
7. luxurywatchessalse.com
8. loveyouwatches.com
9. worthfakewatches.com
10. wanwantime.net
11. mapwatches.org
12. mapswatches.com
13. dudwatches.org
14. weetwatches.com
15. deerwatches.net
16. begwatches.com
17. begwatches.net
18. begwatches.org
19. duewatches.net
20. duewatches.org
21. ewewatches.com
22. ewewatches.org
23. dbawatches.com
24. dbawatches.org
25. dbawatches.net
26. cbawatch.net
27. jomafake.net
28. ricewatches.com
29. buswatches.net
30. theirwatches.com
31. wristus.net
32. writewatches.com
33. girlswatches.net
34. drawwatches.com
35. ppwatchessale.net
36. ppwatchessale.org
37. figwatches.org
38. watchescan.org
39. monwatches.org
40. monswatches.com
41. oscwatches.net
42. oscreplica.com
43. yetclock.net
44. copywatchesfamily.com
45. swisscopywatches.com
46. aireplicawatches.com

47.  hanwatches.com
48.  hanwatches.net
49.  hanwatches.org
50.  obmwatches.org
51.  copyrolex.org
52.  choosetopwatches.biz
53.  choosetopwatches.net
54.  choosetopswiss.com
55.  choosetopswiss.net
56.  replicawatchuk.org
57.  watchesbell.com
58.  bag-watches-replica.net
59.  watches-replica.biz
60.  replicasonline.org
61.  replicas-online.biz
62.  watche-time.com
63.  watch-time.biz
64.  links-replica.biz
65.  fake-watch.org
66.  replicawatchmens.com
67.  watch-way.com
68.  majorityshop.com
69.  chinafreshshop.com
70.  pick-watch.com
71.  watchesstars.com
72.  luxurygiftlist.com
73.  bangwatches.com
74.  watchesfog.com
75.  watchesparks.com
76.  comwatches.com
77.  ptwatches.org

21.     On information and belief, **DEFENDANT JOHN DOE 1**, A/K/A

YUYONGJUN, A/K/A YONGJUN YU, A/K/A ZHANG TAO, A/K/A WANG CHONG, A/K/A

LI JIA JIA, A/K/A LIYI, A/K/A ZHANGGONG, A/K/A WUJUAN, A/K/A CHAIYONG,

A/K/A LIU ZI QIANG, A/K/A ZHANG GUANG, A/K/A ZHANG FENG, A/K/A CHENG

HUA, A/K/A WU XUN LIN, A/K/A QIU ZHONG, A/K/A XIA YAN, A/K/A WANG JIAN,

A/K/A HUANG SHAN, A/K/A CHEN SHAN, A/K/A HU JUN, A/K/A LILU, A/K/A A/K/A

ZHU CONG, A/K/A SUNXIAO, A/K/A WANG CHONG, A/K/A ZHANG CHAO, A/K/A LIU

JING, A/K/A WANG JIAN, A/K/A ZHANG LIANG, A/K/A ZHANG HONG, A/K/A ZHANG

KONG, A/K/A LIHUAJIAN, A/K/A LIJIANZHANG, A/K/A NIULI, A/K/A WANGZHEN,

A/K/A ZHANG NA, A/K/A ZHANG TANG, A/K/A LIMINGMING, A/K/A

LIANGZHENGWEN, A/K/A LI LILI ("John Doe 1") is an individual or entity engaged in the

manufacture, distribution, sale, and advertisement of Counterfeit Merchandise in connection with

the Infringing Websites, but whose identity, actual name, address, and telephone number are

presently unknown.

     22.    On information and belief, John Doe 1 is the registrant of the following Domain

Names, and is the creator and/or operator of Infringing Websites associated therewith:

**BestIWCwatches.com, FakeIWCwatches.com, CopyIWCwatches.com,**

**wanWatchesOnline.com, WanWatches.com LuxuryWatchesFake.com,**

**LuxuryWatchesSalse.com, LoveYouWatches.com, WorthFakeWatches.com,**

**wanwanTime.net, MapWatches.org, MapsWatches.com, DudWatches.org,**

**weetWatches.com, DeerWatches.net, BegWatches.com, BegWatches.net, BegWatches.org,**

**DueWatches.net, DueWatches.org, EweWatches.com, EweWatches.org, dbaWatches.com,**

**dbaWatches.org, dbaWatches.net, cbaWatch.net, JomaFake.net, RiceWatches.com,**

**BusWatches.net, TheirWatches.com, WristUS.net, WriteWatches.com, GirlsWatches.net,**

**DrawWatches.com, ppWatchesSale.net, ppWatchesSale.org, FigWatches.org,**

**WatchesCan.org, monWatches.org, monsWatches.com, oscWatches.net, oscReplica.com,**

**YetClock.net, CopyWatchesFamily.com, SwissCopyWatches.com, aiReplicaWatches.com,**

**hanWatches.com, hanWatches.net, hanWatches.org, and obmwatches.org.**

     21.    On information and belief, **DEFENDANT JOHN DOE 2** A/K/A FENG PENG,

A/K/A QI TANG, A/K/A DEMONQUANQUANQUAN, A/K/A DEMON, A/K/A HAIQUAN

("John Doe 2") is an individual or entity engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Merchandise in connection with the Infringing Websites, but whose identity, actual name, address, and telephone number are presently unknown.

22.     On information and belief, John Doe 2 is the registrant of the following Domain Names, and the creator and/or operator of Infringing Websites associated therewith: **CopyRolex.org, ChooseTopWatches.biz, ChooseTopWatches.net, ChooseTopSwiss.com, ChooseTopSwiss.net, ReplicaWatchUK.org, and WatchesBell.com.**

23.     On information and belief, **DEFENDANT JOHN DOE 3** A/K/A HUANGXIAOWUXIAOWU, A/K/A HUANGXIAOWU, A/K/A HUANG XIAO WU ("John Doe 3") is an individual or entity engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Merchandise in connection with the Infringing Websites, but whose identity, actual name, address, and telephone number are presently unknown.

24.     On information and belief, John Doe 3 is the registrant of the following Domain Names, and the creator and/or operator of Infringing Websites associated therewith: **Bag-Watches-Replica.net, Watches-Replica.biz, ReplicasOnline.org, Replicas-Online.biz, Watche-Time.com, Watch-Time.biz, Links-Replica.biz.**

25.     On information and belief, **DEFENDANT JOHN DOE 4** A/K/A LESLIELESLIE, A/K/A LESLIE ("John Doe 4") is an individual or entity engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Merchandise in connection with the Infringing Websites, but whose identity, actual name, address, and telephone number are presently unknown.

26.     On information and belief, John Doe 4 is the registrant of the Domain Name **Fake-Watch.org**, and the creator and/or operator of the Infringing Website(s) associated therewith.

27.     On information and belief, **DEFENDANT JOHN DOE 5** A/K/A QINGYUN ZHENG ("John Doe 5") is an individual or entity engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Merchandise in connection with the Infringing Websites, but whose identity, actual name, address, and telephone number are presently unknown.

28.     On information and belief, John Doe 5 is the registrant of the Domain Name **ReplicaWatchMens.com**, and the creator and/or operator of the Infringing Website(s) associated therewith

29.     On information and belief, **DEFENDANT JOHN DOE 6** A/K/A DENIS ORLOV, A/K/A ANDREY GRISHECKIN ("John Doe 6") is an individual or entity engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Merchandise in connection with the Infringing Websites, but whose identity, actual name, address, and telephone number are presently unknown.

30.     On information and belief, John Doe 6 is the registrant of the following Domain Names, and the creator and/or operator of Infringing Websites associated therewith: **Watch-Way.com and MajorityShop.com.**

31.     On information and belief, **DEFENDANT JOHN DOE 7** A/K/A KEN LING, A/K/A LEI KE ("John Doe 7") is an individual or entity engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Merchandise in connection with the Infringing Websites, but whose identity, actual name, address, and telephone number are presently unknown.

32.     On information and belief, John Doe 7 is the registrant of the following Domain Names, and the creator and/or operator of Infringing Websites associated therewith: **ChinaFreshShop.com and Pick-Watch.com.**

33.     On information and belief, **DEFENDANT JOHN DOE 8** A/K/A LI SHI, A/K/A JIAN FA ("John Doe 8") is an individual or entity engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Merchandise in connection with the Infringing Websites, but whose identity, actual name, address, and telephone number are presently unknown.

34.     On information and belief, John Doe 8 is the registrant of the following Domain Names, and the creator and/or operator of Infringing Websites associated therewith: **WatchesStars.com and LuxuryGiftList.com.**

35.     On information and belief, **DEFENDANT JOHN DOE 9** A/K/A WENWEN XIN, A/K/A MB, A/K/A/ QI DONG ("John Doe 9") is an individual or entity engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Merchandise in connection with the Infringing Websites, but whose identity, actual name, address, and telephone number are presently unknown.

36.     On information and belief, John Doe 9 is the registrant of the following Domain Names, and the creator and/or operator of Infringing Websites associated therewith: **BangWatches.com and WatchesFog.com.**

37.     On information and belief, **DEFENDANT JOHN DOE 10** A/K/A GUO JING, A/K/A ZHANG SAN ("John Doe 10") is an individual or entity engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Merchandise in connection with the Infringing Websites, but whose identity, actual name, address, and telephone number are presently unknown.

38.     On information and belief, John Doe 10 is the registrant of the following Domain

Names, and the creator and/or operator of Infringing Websites associated therewith:

**WatchesParks.com and comWatches.com.**

39.     On information and belief, **DEFENDANT JOHN DOE 11** A/K/A XIANG

RONGXIN ("John Doe 11") is an individual or entity engaged in the manufacture, distribution,

sale, and advertisement of Counterfeit Merchandise in connection with the Infringing Websites,

but whose identity, actual name, address, and telephone number are presently unknown.

40.     On information and belief, John Doe 12 is the registrant of the Domain Name

**PTWatches.org,** and the creator and/or operator of the Infringing Website(s) associated

therewith.

## The Defendants' Unlawful Use of the IWC Trademarks

41.     Long after the Plaintiffs' adoption, use, and federal registration of the IWC

Trademarks, the Defendants began to sell and offer for sale Counterfeit Merchandise bearing

unauthorized reproductions of the IWC Trademarks. Upon information and belief, the

Defendants have repeatedly engaged in this conduct over a significant period of time.

42.     Upon information and belief, the Defendants have continued to import, distribute,

supply, promote, and sell Counterfeit Merchandise bearing the IWC Trademarks with knowledge

that the merchandise was in fact counterfeit. Through these acts, Defendants have willfully

infringed the IWC Trademarks.

43.     On information and belief, the Defendants have sold and/or shipped Counterfeit

Merchandise into New York, including to consumers in this Judicial District.

44.     In order to sell and advertise their Counterfeit Merchandise, the Defendants

created, designed, and operate a sophisticated, frenetic network of Infringing Websites that

incorporate the Plaintiffs' registered trademarks, logos, and advertising campaign and product

images, and which are deliberately designed to resemble authorized online retailers of genuine IWC watches. A representative sample of screenshots of the Infringing Websites is attached as Exhibit 3.

45.     Furthermore, Defendant John Doe 1 registered at least three Domain Names that incorporate the Plaintiffs' famous IWC word mark (the "Infringing Domain Names"). Defendant John Doe 1 registered and is using the Infringing Domain Names with the bad-faith intent to profit from the IWC Trademarks.

46.     To evade detection and to impede Plaintiffs' ability to monitor their unlawful conduct, the Defendants frequently and rapidly circulate the Infringing Websites among various Domain Names. Each of the Defendants' Domain Names is currently used or has been used in connection with an Infringing Website selling Counterfeit Merchandise. However, at any particular moment any one Domain Name may: a) resolve to an Infringing Website; b) redirect to another associated Infringing Website; c) redirect to an as yet undiscovered domain name and associated website selling Counterfeit Merchandise; or e) may appear inactive, but in reality is being held in reserve by the Defendants until they next reconfigure their counterfeiting network.

47.     Further, on information and belief, the Defendants have made active use of the services of U.S. banks, credit card companies, credit card processing agencies, and/or other financial institutions or agencies that engage in the transfer of funds in order to carry out, facilitate, complete, or ratify the unlawful actions complained of herein, or used such entities to hold, transfer, remit, relay, maintain, or invest profits from the unlawful activities described herein. For example, on information and belief, the Defendants have made use of Western Union, PayPal, and major credit cards, such as MasterCard and Visa, to receive financial payment for Counterfeit Merchandise sold on the Infringing Websites.

13

## FIRST CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

### Federal Trademark Counterfeiting In Violation of Sections 32(1)(a) and (b) of the Lanham Act

### (15 U.S.C. § 1114)

48.     The Plaintiffs hereby repeat each and every allegation set forth in paragraphs 1 to 47 above as if fully set forth herein.

49.     Sections 32(1)(a) and (b) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b), provide, in relevant part, that any person who shall, without the consent of the registrant –

    (a)  use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

    (b)  reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive…

shall be liable in a civil action by the registrant for the remedies hereinafter provided.

50.     The Defendants have willfully used numerous designations that are counterfeits of the registered IWC Trademarks on goods for which the Plaintiffs hold federal trademark registrations.

51.     Additionally, without the Plaintiffs' consent, the Defendants have applied one or more IWC Trademarks onto packaging materials, sales receipts, and other printed materials in connection with the sale, offering for sale, and/or distribution of goods for their own personal financial gain.

52.     The Plaintiffs have not authorized the Defendants' use of any of the IWC Trademarks to advertise, offer for sale, sell, and/or distribute Defendants' Counterfeit Merchandise.

53.     The Defendants' unauthorized use of the IWC Trademarks on or in connection with the advertising and sale of goods constitutes the use of the Plaintiffs' registered marks in commerce.

54.     The Defendants' unauthorized use of the IWC Trademarks is likely to cause confusion, mistake, or deception; cause the public to believe that Defendants' products are authorized, sponsored, or approved by the Plaintiffs when they are not; and result in the Defendants unfairly and illegally benefitting from the Plaintiffs' goodwill.

55.     Accordingly, the Defendants have engaged in trademark counterfeiting in violation of Sections 32(1)(a) and (b) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b), and is liable to Plaintiffs for all damages related thereto, including but not limited to actual damages, infringing profits, and/or statutory damages, as well as attorney's fees.

56.     The Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiffs.

57.     Plaintiffs have no adequate remedy at law and are thus entitled to damages in an amount yet to be determined.

58.     The Defendants' egregious conduct in repeatedly selling counterfeit merchandise bearing the unauthorized IWC Trademarks is willful and intentional, and thus this constitutes an exceptional case.

## SECOND CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

### Federal Trademark Infringement In Violation of Section 32 of the Lanham Act

### (15 U.S.C. § 1114)

59.     The Plaintiffs hereby repeat each and every allegation set forth in paragraphs 1 to 58 above as if fully set forth herein.

60.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

61.     The IWC Trademarks are federally registered, distinctive, and associated in the public mind with the Plaintiffs.

62.     Additionally, based on the Plaintiffs' extensive advertising and sales, and the high esteem in which its respective products are held, the IWC Trademarks have acquired secondary meaning so that the public associates these trademarks exclusively with the Plaintiffs.

63.     The Defendants have used counterfeit reproductions of one or more of the IWC Trademarks in connection with the advertising, sale, offering for sale, and/or distribution of Counterfeit Merchandise for their own financial gain.

64.     The Plaintiffs have not authorized the Defendants' use of any of the IWC Trademarks.

65.     The Defendants' unauthorized use of the IWC Trademarks on or in connection with the advertising and sale of Counterfeit Merchandise constitutes use in commerce.

16

66. The Defendants' unauthorized use of the IWC Trademarks is likely to cause confusion, mistake, or deception, and to cause the public to mistakenly believe that the Defendants' Counterfeit Merchandise emanates or originates from Plaintiff, or is authorized, sponsored, approved, or otherwise associated with the Plaintiffs.

67. The Defendants' unauthorized use of the IWC Trademarks has resulted in the Defendants unfairly and illegally benefitting from Plaintiffs' goodwill. This has caused substantial and irreparable injury to the public, the Plaintiffs, the IWC Trademarks, and the substantial goodwill represented thereby.

68. Accordingly, the Defendants have engaged in trademark infringement in violation of 15 U.S.C. § 1114.

69. The Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiffs.

70. The Plaintiffs have no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

71. The Defendants' egregious conduct in repeatedly selling infringing Counterfeit Merchandise is willful and intentional, and thus this constitutes an exceptional case.

## THIRD CLAIM FOR RELIEF

### (AGAINST DEFENDANT JOHN DOE 1)

### Cybersquatting Under the Anticybersquatting Consumer Protection Act

### (15 U.S.C. § 1125(d)(1))

72. The Plaintiffs hereby repeats each and every allegation set forth in paragraphs 1 to 71 above as if fully set forth herein.

73. 15 U.S.C. § 1125(d)(1)(A) provides that:

A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—

(i)    has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and

(ii)   registers, traffics in, or uses a domain name that—

(I)    in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;

(II)   in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark…

74.    Defendant John Doe 1 has registered Infringing Domain Names that wholly incorporate Plaintiffs' registered IWC word mark, which was distinctive and/or famous at the time that the Defendant registered the Infringing Domain Names.

75.    Defendant John Doe 1 registered and used the Infringing Domain Names with the bad faith intent to profit from the IWC Trademarks.

76.    Defendant John Doe 1's activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

77.    Defendant John Doe 1 can claim no *bona fide* noncommercial or fair use of the IWC Trademarks.

78.    Defendant John Doe 1 intended to divert consumers away from the Plaintiffs to a site accessible under Infringing Domain Names that could harm the goodwill represented by the IWC Trademarks for commercial gain, and with the intent to tarnish and disparage the IWC Trademarks by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Infringing Websites and the Counterfeit Merchandise displayed on, offered by, and sold through the Infringing Websites.

18

79.     Defendant John Doe 1's acts have caused and will continue to cause irreparable injury to the Plaintiffs. Plaintiffs have no adequate remedy at law to redress this injury and are thus damaged in an amount yet to be determined.

## FOURTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

### Trade Dress Infringement and False Designation of Origin In Violation of Section 43(a) of the Lanham Act

### (15 U.S.C. § 1125(a))

80.     Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 79 above as if fully set forth herein.

81.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides, in relevant part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(1)(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

82.     By making unauthorized use, in interstate commerce, of the IWC Trademarks, the Defendants have used a "false designation of origin" that is likely to cause confusion, mistake, or deception as to the affiliation or connection of the Defendants with Plaintiffs, and as to the origin, sponsorship, association, or approval of the Defendants' Counterfeit Merchandise and Infringing Websites, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

83.     The Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or

misleadingly describe and/or represent the Defendants' goods and services as having been created by, belonging to, or otherwise emanating from the Plaintiffs, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

84.     The Defendants' wrongful acts will continue unless and until enjoined by this Court.

85.     The Defendants' acts have caused and will continue to cause irreparable injury to IWC. Plaintiffs have no adequate remedy at law and are thus entitled to damages in an amount yet to be determined.

86.     The Defendants' egregious conduct in selling Counterfeit Merchandise and operating Infringing Websites is willful and intentional.

## FIFTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

### Federal Trademark Dilution In Violation of Section 43(c) of the Lanham Act

### (15 U.S.C. § 1125(c))

87.     The Plaintiffs hereby repeat each and every allegation set forth in paragraphs 1 to 86 above as if fully set forth herein.

88.     Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), provides, in relevant part, that:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

89.     Plaintiffs are the exclusive owner and distributor of the IWC Trademarks in the United States.

90.     The IWC Trademarks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

91.     The IWC Trademarks are all distinctive marks that play a prominent role in Plaintiffs' marketing and advertising across a wide spectrum of media, and are central to Plaintiffs' popularity and reputation for craftsmanship, luxury, and elegance.

92.     The IWC Trademarks—some of which have been in use for more than 150 years—were famous long before the Defendants began using unauthorized reproductions, counterfeits, copies, and colorable imitations of the IWC Trademarks on their Counterfeit Merchandise and Infringing Websites.

93.     The IWC Trademarks have gained widespread publicity and public recognition in New York and elsewhere.

94.     To enhance its rights further, Plaintiffs obtained federal registrations for the IWC Trademarks.

95.     The Defendants' sale of Counterfeit Merchandise constitutes use in commerce of the IWC Trademarks and Plaintiffs' designs.

96.     The Plaintiffs have not licensed or otherwise authorized the Defendants' use of the IWC Trademarks.

97.     Consumers are likely to purchase the Defendants' products in the erroneous belief that the Defendants are associated with, sponsored by, or affiliated with the Plaintiffs, or that Plaintiffs are the source of those products.

98.     The Defendants' use of the IWC Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to uniquely identify and distinguish the Plaintiffs' goods. The Defendants' unlawful use of the IWC Trademarks in

connection with inferior goods is also likely to tarnish those trademarks and to cause blurring in the minds of consumers between the Plaintiffs and the Defendants, thereby lessening the value of the IWC Trademarks as unique identifiers of the Plaintiffs' products.

99.     The Defendants' acts have caused and will continue to cause irreparable injury to the Plaintiffs. The Plaintiffs have no adequate remedy at law and are thus entitled to damages in an amount yet to be determined.

## SIXTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

**Trademark Dilution In Violation of the New York General Business Law**

**(N.Y. Gen. Bus. Law § 360-l)**

100.     Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 99 above as if fully set forth herein.

101.     New York General Business Law, Section 360-l provides that:

Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

102.     Plaintiffs are the exclusive owner and licensee of the IWC Trademarks in the United States.

103.     Through prominent, long, and continuous use in commerce, including commerce within New York, the IWC Trademarks are now and continue to grow ever more famous and distinctive.

22

104. Long after the IWC Trademarks became famous, the Defendants, without authorization from the Plaintiffs, used unauthorized reproductions, counterfeits, copies, and colorable imitations of the IWC Trademarks.

105. The Defendants' unauthorized use of the IWC Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks, and to lessen the capacity of such marks to uniquely identify and distinguish the Plaintiffs' goods.

106. The Defendants' unlawful use of the IWC Trademarks in connection with inferior Counterfeit Merchandise is also likely to tarnish those trademarks, undermining the Plaintiffs' goodwill in the IWC Trademarks, thereby lessening the IWC Trademarks' value.

107. By the acts described above, the Defendants have diluted, and are likely to dilute the distinctiveness of the IWC Trademarks and caused a likelihood of harm to Plaintiffs' business reputation in violation of Section 360–l of the New York General Business Law.

108. The Defendants' acts have caused, and will continue to cause, irreparable injury to IWC. The Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## SEVENTH CLAIM FOR RELIEF

### (AGAINST ALL DEFENDANTS)

**Deceptive Acts and Practices Unlawful In Violation of the New York General Business Law**

**(N.Y. Gen. Bus. Law §§ 349 and 350)**

109. The Plaintiffs hereby repeat each and every allegation set forth in paragraphs 1 to 108 above as if fully set forth herein.

110. New York General Business Law, Section 349 states, in relevant part, that: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

111.   New York General Business Law, Section 350 states, in relevant part, that: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

112.   Through their importation, advertisement, distribution, offer to sell, and sale of Counterfeit Merchandise, the Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

113.   The Defendants' deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendants have directed their marketing activities, and the Plaintiffs have been injured thereby.

114.   By the acts described above, the Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 and 350 of the New York General Business Law.

115.   The Defendants' acts have caused, and will continue to cause, irreparable injury to the Plaintiffs. The Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## EIGHTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

### Trademark Infringement In Violation of New York State Common Law

116.   The Plaintiffs hereby repeat each and every allegation set forth in paragraphs 1 to 115 above as if fully set forth herein.

117.   The Plaintiffs own all right, title, and interest in and to the IWC Trademarks as described above, including all common law rights in the IWC Trademarks.

118.    The Defendants' Counterfeit Merchandise incorporates imitations of IWC's common law trademarks. The Defendants' use of the IWC Trademarks is unauthorized, and is likely to cause consumer confusion.

119.    By the acts described above, the Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

120.    The Defendants' acts have caused, and will continue to cause, irreparable injury to IWC. The Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## NINTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

### Unfair Competition In Violation of the New York Common Law

121.    Plaintiffs hereby repeat each and every allegation set forth in paragraphs 1 to 120 above as if fully set forth herein.

122.    The Defendants have palmed off their goods as the Plaintiffs', by improperly trading upon the Plaintiffs' goodwill and valuable rights in and to the IWC Trademarks.

123.    The Defendants have committed the above alleged acts willfully, and in conscious disregard of the Plaintiff's rights, and so the Plaintiffs are entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of the Defendants.

124.    By the acts described above, the Defendants have engaged in unfair competition in violation of the common law of the State of New York.

125.   The Defendants' acts have caused and will continue to cause irreparable injury to the Plaintiffs. The Plaintiffs have no adequate remedy at law and are thus damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays:

1. For a **FINAL JUDGMENT** that:

   a.   The Defendants have engaged in trademark counterfeiting and infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

   b.   The Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   c.   The Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

   d.   The Defendants have violated Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d);

   e.   Defendant John Doe 1 is liable for Cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act;

   f.   The Defendants have diluted the distinctiveness of the IWC Trademarks and caused injury to the Plaintiffs' business reputation in violation of Section 360-l of the New York General Business Law;

   g.   The Defendants have engaged in deceptive acts and practices unlawful in violation of Sections 349 and 350 of the New York General Business Law;

   h.   The Defendants have engaged in trademark infringement in violation of the common law of the State of New York;

i.  The Defendants have engaged in unfair competition in violation of the common law of the State of New York; and

j.  That the above acts were done willfully, and/or intentionally.

2.  For entry of an **ORDER** permanently enjoining and restraining the Defendants, and their officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them, from:

a.  Using any reproduction, counterfeit, copy or colorable imitation of the IWC Trademarks (as defined herein) for and in connection with any goods or their packaging not authorized by the Plaintiffs;

b.  Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputation or dilute the distinctive quality of the IWC Trademarks;

c.  Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' Counterfeit Merchandise and any packaging as being those of the Plaintiffs, or sponsored by or associated with the Plaintiffs, and from offering such goods into commerce;

d.  Further infringing the IWC Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or their packaging not authorized by the Plaintiffs that bear any simulation, reproduction, counterfeit, copy or colorable imitation of the IWC Trademarks;

e.  Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the IWC Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized products or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products in any way to the Plaintiffs, or to any goods sold, manufactured, sponsored or approved by, or connected with the Plaintiffs;

f.  Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by the Defendants are in any manner associated or connected with the IWC, or are sold, manufactured, licensed, sponsored, approved, or authorized by the Plaintiff;

g.  Infringing the IWC Trademarks, or Plaintiffs' rights therein, or using or exploiting the IWC Trademarks, or diluting the IWC Trademarks;

h.  Secreting, destroying, altering, removing, or otherwise dealing with the Counterfeit Merchandise or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all Counterfeit Merchandise, or any other merchandise that infringes or dilutes the IWC Trademarks; and

i.  Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise

avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

j. Using, linking, transferring, selling, exercising control over, or otherwise owning any domain name that incorporates, in whole or in part, any of the IWC Trademarks;

k. Creating, operating, owning, overseeing, or otherwise exercising control over the Infringing Websites, or any website selling, offering to sell, promoting, advertising, or otherwise depicting any Counterfeit Merchandise, or any merchandise bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the IWC Trademarks;

l. Creating, operating, owning, overseeing, or otherwise exercising control over the Infringing Websites, or any website embedding, incorporating, including, or otherwise displaying any of the IWC Trademarks, or any of Plaintiffs' promotional and advertising campaign images; and

3. For an entry of an **ORDER** directing that the Defendants deliver up for destruction to the Plaintiffs all unauthorized products, advertisements and packaging in their possession or under their control bearing any of the IWC Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

4. For an entry of an **ORDER** transferring or canceling at the Plaintiffs' election, the Domain Names and any other domain names used by the Defendants to

29

engage in counterfeit activities, to the Plaintiffs' control so they may no longer be used for illegal purposes.

5. For entry of an **ORDER** that, upon the Plaintiffs' request, Internet domain name registries and/or ICANN-accredited Internet domain name registrars shall take all actions necessary to ensure that the Domain Names are disabled and/or transferred accordingly.

6. For entry of an **ORDER** requiring the Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge their violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

7. For all such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or associated packaging manufactured, sold, or otherwise circulated or promoted by the Defendants are authorized by the Plaintiffs or related in any way to genuine IWC products.

8. For an assessment of the **ACTUAL DAMAGES** suffered by the Plaintiffs, trebled, and an award of all profits that Defendants have derived from using the IWC Trademarks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

9. Alternatively, that the Plaintiffs be awarded **STATUTORY DAMAGES** pursuant to 15 U.S.C. § 1117 (the Lanham Act) of no less than **fifty million dollars ($50,000,000.00) to be allocated among the Defendants**, based on, *inter alia*, the maximum amount available of two million dollars ($2,000,000) per trademark

willfully counterfeited and infringed, per type of good and service offered, plus reasonable attorneys' fees and costs; and awarding profits, damages and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law; and punitive damages to the full extent available under the common law.

10.     For **COSTS OF SUIT**, and for such other and further relief as the Court shall deem appropriate.

**A TRIAL BY JURY IS DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs hereby demand a jury trial on all triable issues raised by this Complaint.

November 15, 2013                          Respectfully Submitted,


Joseph C. Gioconda (JG4716)
THE GIOCONDA LAW GROUP PLLC
One Penn Plaza, 36th Floor
New York, NY 10119-0002
Telephone: (212) 786-7549
Facsimile: (888) 697-9665
Joseph.Gioconda@GiocondaLaw.com

Bell Plaza, Suite 607
42-40 Bell Boulevard
Bayside, NY 11361
Telephone: (718) 423-3610

Attorney for Plaintiffs

RICHEMONT INTERNATIONAL S.A., and
IWC, A DIVISION OF RICHEMONT NORTH
AMERICA, INC.